UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ZAKEN SUAREZ TRIANA

    Plaintiff,

vs.

CITY OF HIALEAH, a political
Subdivision of the State of Florida, and
Officer, NORBERTO LOPEZ

    Defendant.
_____/

## COMPLAINT

### JURISDICTION, VENUE AND NOTICE

1. This action arises under the Constitution and laws of the United States, and the laws and the constitution of the state of Florida, including Article III, Section I of the US Constitution and is brought Pursuant to 42 USC 1983, 42 USC SS1988 and F.S. 768.28.

2. This Court has jurisdiction, pursuant to Sections 1331 and 1343 of Title 28, United States Code, and 42 U.S.C. Sections 1983 and 1988, and pendent jurisdiction with respect to all claims pursuant to Section 768.28, Florida Statutes, i.e., statutory state claims and tort claims relating to the allegations of facts as set forth herein below.

3. Plaintiff has retained the services of the undersigned law firm and has agreed to pay a reasonable fee therefor.

4. All conditions precedent necessary to the maintenance of this action have occurred, been waived, or rendered impossible of performance by Defendants, their agents or representatives.

5.  Venue is proper in the Southern District Court, Miami-Dade Division, in that the parties are domiciled in Miami-Dade County, and the acts and omissions complained of herein occurred in, and the cause of action accrued in Miami-Dade County.

## PARTIES

6.  At all material times, Plaintiff, Zaken Suarez was an individual, sui juris, and a resident of Miami–Dade County, Florida.

7.  At all material times Defendant, Officer Norbert Lopez, was employed as a City of Hialeah Police Officer and was an employee of the City of Hialeah, both of which are located in Miami-Dade County, Florida.

8.  At all material times, Defendant, City of Hialeah, was a political entity within the State of Florida.

9.  At all material times, Defendant, Norbert Lopez, was a City of Hialeah police officer acting within the course and scope of his employment, and/or acting on behalf and for the benefit of Defendant, City of Hialeah Police Department and Defendant, City of Hialeah.

10. Defendant, City of Hialeah and Officer Norberto Lopez is properly sued under 42 USC 1983 by virtue of delegated deliberately indifferent unconstitutional decisions, policies practices, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

11. Defendant, City of Hialeah is the legal entity responsible for itself and for the City of Hialeah's Police Department. This Defendant is also the employer of Officer Norbert Lopez, and as such is a proper entity to be sued under 42 U.S. C.

12. At all material times, Defendant Norberto Lopez was a citizen of the United States and a resident of the State of Florida.

## STATEMENT OF FACTS

13. Plaintiff incorporates all of the preceding paragraphs, including the allegations as if fully set forth herein.

14. On February 8, 2013 Plaintiff, Suarez was lawfully operating his vehicle, a red/burgundy Audi on West 4th Avenue and 21st Street, in Hialeah Florida.

15. At that time and place, Hialeah Police Department Commander, Oscar Amago initiated a traffic stop of Plaintiff, Suarez' vehicle, incident to a BOLO issued for a 4 door Audi matching Plaintiff's vehicle description.

16. At that time and place, Plaintiff, Suarez, stopped his vehicle and remained therein awaiting the officer's instructions. At no time did Plaintiff, Suarez attempt to evade Commander Amago's efforts to initiate the traffic stop, attempt to flee the scene of the traffic stop, or engage in any act of disobediance or aggression towards any law enforcement officer involved in the stop.

17. Thereafter, City of Hialeah Police Officer, Norbert Lopez arrived on the scene, excited his marked vehicle, drew his weapon (a 40 Caliber, Glock 22 handgun) rapidly approached Plaintiff's vehicle, and began to pound on the driver's side window.

18. In compliance, Plaintiff, Suarez slowly began to open his driver's side door, when, without provocation, Officer Lopez violently and without provocation pulled Plaintiff, Suarez from the car, threw him face down to the floor, and shot him in the back at point black range.

19. At no time prior to violently removing Plaintiff from his vehicle, throwing him face first to the ground and shooting him in the back did Officer, Lopez give Plaintiff any verbal command in an effort to allow Plaintiff to peacefully and safely exit the vehicle.

20. At no time was Plaintiff, Suarez armed with any weapon of any sort, resist any law enforcement officer in any way, or make any menacing gestures towards Officers, Lopez or Amago.

21. Prior to Officer Lopez shooting Plaintiff, Suarez in the back there were multiple shootings involving Hialeah Police officers shooting unarmed individuals.

22. With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City of Hialeah has on-goingly encouraged, tolerated, ratified and acquiesced to a dangerous environment of police brutality by:

   a. failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

   b. by failing to adequately punish unconstitutional use of force;

   c. tolerating the use of unconstitutional force;

   d. by on-goingly failing to properly or neutrally investigate citizen complaints of excessive force and,

   e. by tolerating, encouraging and permitting collusive statements by involved officers in such situations.

   f. through other actions to be determined through discovery in this case.

23. It is the longstanding widespread deliberately indifferent custom, habit, practice and or policy of the Defendant, City of Hialeah to permit its police officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise

and to train police officers in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

24. It is the longstanding widespread custom, habit, practice and/or policy of the Defendant, City of Hialeah to find no fault with police conduct, particularly as it relates to use of force, and always when a Hialeah police officer discharges his/her firearm, as long as any story is given by police, regardless of how incredible.

25. The Hialeah Police Department, routinely ratifies, acquiesces, rubber stamps and tolerates malicious collusive conduct and unconstitutional actions of its police officers by routinely ignoring serious complaints of violent behavior and fabrication of evidence by the police force.

26. With respect to the shooting of Plaintiff Suarez, Defendant City of Hialeah ratified and declared within policy the unconstitutional, actions of Defendant, Lopez by conducting an inadequate investigation of the shooting and providing inaccurate statements of fact.

27. The City of Hialeah's ongoing deliberately indifferent custom, habit, policy decision, practice training and supervision of the Hialeah Police Department is responsible for the injuries sustained by the Plaintiff.

28. As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to a gunshot wound to the back, impairment and disfigurement, great pain and emotional distress, and ongoing damages for medical and psychological injury caused by the unconstitutional and moving force concerted conduct of all these Defendants.

29. Plaintiff continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, frustration, sleepiness, nightmares and flashbacks of being shot in the back by Officer Lopez.

### COUNT I:
### (VIOLATION OF 42 U.S.C., 1983 EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS RIGHTS AGAINST DEFENDANT, NORBERTO LOPEZ)

30. Plaintiff hereby incorporates paragraphs 1-29 of this complaint as fully set forth herein.

31. Plaintiff in this action and Officer, Norberto Lopez are persons as defined by and for purposes of 42 U.S.C.

32. At the time that Officer Lopez shot Plaintiff, Suarez in the back he was acting under the color of state law in his capacity as a City of Hialeah police officer and his acts were conducted within the scope of his official duties and employment.

33. At the time of the complained of conduct Plaintiff, Suarez had a clearly established constitutional right under the Fourth Amendment to be secure in his person from an unreasonable seizure through excessive force.

34. At the time of the complained of conduct Plaintiff, Suarez also had a clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement

35. Any reasonable police officer, including Defendant, Lopez new or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

36. Defendant, Lopez's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances known to him and violated the Fourth Amendment rights of the Plaintiff.

37. The force used by Officer Norberto Lopez constituted deadly force in that it could have and nearly did cause the death of the Plaintiff

38. The acts of all the Defendants were the moving forces behind the Plaintiff's injuries.

39. Officer, Norberto Lopez is not entitled to qualified immunity for the complained of conduct.

40. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to the Plaintiff.

41. As a proximate result of the Defendants unlawful conduct, Plaintiff has suffered actual physical and emotional injuries and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendant's unlawful conduct. Plaintiff has incurred special damages including medically related expenses.

42. Plaintiff may suffer lost future earnings and impaired earning capacity from the not yet fully ascertained sequelae of his internal injuries, in amounts to be ascertained at trial. Plaintiff is further entitled to attorneys' fees and cost pursuant to U.S. C. 1988, prejudgment interests and costs as allowable by law.

## COUNT II:
### (VIOLATION OF 42 U.S.C. 1983 AGAINST THE CITY OF HIALEAH)

43. Plaintiff hereby incorporates paragraphs 1-29 of this Complaint as if fully set forth herein

44. Plaintiff and the Defendants to this claim are persons for purposes of 42 U.S.C. 1983 and Defendant, Norberto Lopez are persons for purposes of 42 U.S.C. 1983.

45. The Defendants to this claims at all times relevant hereto were action under the color of the state laws of Florida.

46. Plaintiff had the following clearly established rights at the time of the complained of conduct:

   a. The right to be secure in his person from unreasonable seizure through the use of excessive force.

   b. The right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment.

   c. The right to be free from malicious prosecution under the Common Law of the state of Florida as well as the Fourth and Fourteenth Amendments of the U.S. Constitution.

47. Defendant City of Hialeah knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

48. The acts of the Defendant deprived the Plaintiff of his constitutional and common law rights and caused him other damages.

49. Defendant, Norberto Lopez are not entitled to qualified immunity for the complained of conduct.

50. Defendant City of Hialeah was at all times relevant the policy maker for the City of Hialeah and the City of Hialeah Police Department and in that capacity established policies, procedures, customs and practices for the same.

51. Defendant City of Hialeah developed and maintained policies, procedures, customs and or practices exhibiting deliberate indifference to the constitutional rights of individuals within of the City of Hialeah which were moving forces behind and proximately caused the violations of the Plaintiff's constitutional and other statutory rights as set forth herein and in the other claims, resulted from conscious or deliberate choice to follow a course of action from among various available alternatives.

52. Defendant City of Hialeah has created and tolerated an atmosphere of lawlessness and have developed and maintained long standing department wide customs, law enforcement related policies, procedures, practices and or failed to properly train and to supervise its officers in a manner amounting to deliberate indifference to the constitutional and statutory rights of the public.

53. In light of the duties and responsibilities of those police officers that participated in the arrest and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious and the inadequacy of training and supervision so likely to result in the violation of constitutional and statutory rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

54. As a direct result of Defendant's unlawful conduct Plaintiff suffered actual physical and emotional injuries and other damages and losses as described herein entitling him to compensatory damages, in amounts to be determined at trial. As further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses

and may continue to incur future medical expenses. Plaintiff is further entitled to attorneys' fees pursuant to 42 U.S. C. 1988.

55. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein and with respect to ongoing policy and practices of the City of Hialeah Police Department which consistently fails to objectively investigate citizen complaints regarding officers use of excessive force.

## COUNT III:
### (NEGLIGENCE AGAINST THE CITY OF HIALEAH)

56. Plaintiff hereby incorporates paragraphs 1-29 of this Complaint as if fully set forth herein.

57. This is an action at law for damages in excess of $15,000.00, exclusive of attorney's fees and costs.

58. On February 8, 2013 Plaintiff, Suarez was lawfully operating his vehicle, a red/burgundy Audi on West 4th Avenue and 21st Street, in Hialeah Florida.

59. At that time and place, Hialeah Police Department Commander, Oscar Amago initiated a traffic stop of Plaintiff, Suarez' vehicle, incident to a BOLO issued for a 4 door Audi matching Plaintiff's vehicle description.

60. At that time and place, Plaintiff, Suarez, stopped his vehicle and remained therein awaiting the officer's instructions. At no time did Plaintiff, Suarez attempt to evade Commander Amago's efforts to initiate the traffic stop, attempt to flee the scene of the traffic stop, or engage in any act of disobedience or aggression towards any law enforcement officer involved in the stop.

61. Thereafter, City of Hialeah Police Officer, Norbert Lopez arrived on the scene, excited his marked vehicle, drew his weapon (a 40 Caliber, Glock 22 handgun) rapidly approached Plaintiff's vehicle, and began to pound on the driver's side window.

62. In compliance, Plaintiff, Suarez slowly began to open his driver's side door, when, without provocation, Officer Lopez violently and without provocation pulled Plaintiff, Suarez from the car, threw him face down to the floor, and shot him in the back.

63. At no time prior to violently removing Plaintiff from his vehicle, throwing him face first to the ground and shooting him in the back did Officer, Lopez give Plaintiff any verbal command in an effort to allow Plaintiff to peacefully and safely exit the vehicle.

64. At no time was Plaintiff, Suarez armed with any weapon of any sort, did he resist any law enforcement officer in any way, or did he make any menacing gestures towards Officers, Lopez or Amago.

65. Defendant City Of Hialeah, by and through its employee, Officer, Norberto Lopez owed Plaintiff, Suarez a duty to act in a non-negligent manner.

66. Defendant Lopez, breached this duty when he violently removed Plaintiff, Suarez from his vehicle, threw him to the floor and shot him in the back by using deadly force which was not necessary and not justifiable.

67. As a direct and proximate result of Defendant Lopez's actions or inactions, which resulted in the unreasonable seizure and shooting of Plaintiff, Suarez, suffered actual physical and emotional injuries and other damages and losses as described herein entitling him to compensatory damages, in amounts to be determined at trial. As further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur future medical expenses.

68.     Defendant, Norberto Lopez was employed and acting within the course and scope of his employment with Defendant City of Hialeah when he negligently shot Plaintiff, Suarez.

69.     Defendant City of Hialeah is vicariously responsible for the negligence of its employee, Defendant, Lopez.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Zaken Suarez Triana prays that this honorable court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial.

B. Economic losses on all claims allowed by law;

C. Special damages in amount to be determined at trial;

D. Punitive damages against Defendants, Officer Norberto Lopez;

E. Attorneys' fees and costs associated with this action under 42 U.S.C. 1988 and under the laws of the state of Florida;

F. Any further relief that this court deems just and any other appropriate relief at law and equity

Plaintiff, Demands Trial By Jury on all issues so triable.

Dated this 30th day of May 2014.

Respectfully submitted,
DARREN J. ROUSSO, PA.
9350 South Dixie Highway
Suite 1200
Miami, FL 33156
305-670-6669

BY: _____
DARREN J. ROUSSO, ESQ.
FLORIDA BAR NO: 0097410